JAMES AND AILEENE RANDALL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Randall v. Commissioner
Docket No. 9736-91
United States Tax Court
T.C. Memo 1993-207; 1993 Tax Ct. Memo LEXIS 217; 65 T.C.M. (CCH) 2619; May 17, 1993, Filed *217 For petitioners: Morris Winter (specially recognized). For respondent: Paul Darcy, Roland Barral and Mary Ann Amodeo. WELLS
WELLS
MEMORANDUM OPINION WELLS, Judge: The instant case is before us on respondent's motion for summary judgment. Respondent determined a deficiency in petitioners' Federal income tax for taxable year 1988 in the amount of $ 5,357. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure. Petitioners resided in New York, New York, at the time they filed the petition in the instant case. Petitioner James Randall (hereinafter individually referred to as petitioner) is a doctor who rendered medical services to Ms. Dina Van Praag from 1979 through 1985 in the amount of $ 17,500. Petitioner and Ms. Van Praag did not enter into any written agreement concerning payment for petitioner's services for the years 1979 through 1985. Petitioners did not include in their income in any year for Federal income tax purposes any of the $ 17,500 owed to petitioner by Ms. Van Praag. Rule 121(b) provides that summary judgment may be rendered if the pleadings and admissions *218 show that no genuine issue exists as to any material fact and that a decision may be rendered as a matter of law. . The moving party bears the burden of proving that no genuine issue of material fact exists. . The facts are viewed in a light most favorable to the non-moving party. . Respondent has moved for summary judgment, contending that petitioners are not entitled to deduct the $ 17,500 owed to petitioner by Ms. Van Praag because petitioners are cash basis taxpayers and have not reported such amount as income. In their papers filed in opposition to respondent's motion, however, petitioners do not argue that they are entitled to such deduction. Instead, they contend that an agency of the U.S. Government, Civilian Health and Medical Program of the Uniformed Services (CHAMPUS), as Ms. Van Praag's insurer, is liable to petitioner for the services he rendered to Ms. Van Praag and under equitable principles, petitioners are entitled to "set-off" *219 the amount owed to petitioners by CHAMPUS against the deficiency. As to petitioners' claim of a bad debt deduction, the principle that a cash basis taxpayer is not entitled to a bad debt deduction for the value of unpaid wages or other income items which have never been reported as income is well settled. ; ; . As petitioners have not included in their income the amounts owed to petitioner by Ms. Van Praag, petitioners are not entitled to a bad debt deduction for such amount. As to petitioners' equitable claim of "set-off" against respondent, this Court is a court of limited statutory jurisdiction which lacks general equitable jurisdiction. ; . Petitioners argue that such cases are distinguishable because they involved different factual settings, i.e., equitable *220 recoupment claims. The principle of equitable jurisdiction involved in McCoy and Gooch Milling, however, is clearly applicable in the instant case. As we have stated, although this Court has the power to apply equitable principles to decide a matter over which we have jurisdiction, we cannot exercise general equitable powers to take jurisdiction over a matter not provided for by statute. . In the absence of statutory authority to adjudicate the validity of petitioner's asserted claim against CHAMPUS, we are without jurisdiction to resolve such a claim. We have held previously that we do not have jurisdiction to adjudicate the merits of such claims of offset. In , revd. and remanded without published opinion, , the U.S. Navy mistakenly determined that the taxpayer was not entitled to an annuity upon her husband's death. Many years later, the Navy reversed that determination and paid the taxpayer a lump sum settlement of the annuity amounts that she had failed to *221 receive during the intervening years. Among other claims, the taxpayer asserted that she was entitled to an offset against her Federal income taxes for a damage claim she might have had against the government for the Navy's mistake. [1]
In Doner, this Court held that we did not have jurisdiction to decide the question of the Navy's liability, if any. Additionally, we noted that even if we had jurisdiction over such matter the record was insufficient to decide whether the government was liable for the increased taxes caused by the Navy's mistake. The Fourth Circuit subsequently reversed our decision in *222 Doner in an unpublished order. Although it appears in Doner that the Fourth Circuit undertook to fashion a remedy under its broad equity jurisdiction, it is clear that we have no statutory jurisdiction to adjudicate petitioner's asserted claim against CHAMPUS. Furthermore, we note that the record in the instant case is insufficient to decide whether CHAMPUS owes any amount to petitioner on his asserted claim. We also point out that petitioner has not shown that he ever attempted to collect his asserted claim against CHAMPUS. See , affd. . Finally, a significant distinguishing factor that was present in Doner, but not in the instant case, which should be taken into account in weighing the equities, is the fact that in Doner the government caused an increase in the taxpayer's income taxes. In the instant case, the government has not caused any increase in petitioners' taxes. Based on the foregoing, we hold that we have no jurisdiction to consider petitioners' claim of offset. As no genuine issue exists as to any material *223 fact in the instant case, respondent's motion for summary judgment will be granted. An appropriate order and decision will be entered for respondent. Footnotes
1. In , revd. and remanded without published opinion , the taxpayer was required to pay a higher tax on the lump sum settlement than she would have had to pay if she had paid taxes on the annuity payments in the years she should have received them had the Navy not made the mistake.↩